UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TASTY BRANDS, LLC,

                   Plaintiff,

– *against* –

AVANTI FOODS CORPORATION,

                   Defendant.
------------------------------------------------------------------X

**Docket No.:** 2:23-cv-00312

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

TASTY BRANDS, LLC ("TASTY" or PLAINTIFF) brings this action, by and through its attorneys Schwartz, Conroy, & Hack, P.C., against, AVANTI FOODS CORPORATION ("AVANTI" or "DEFENDANT"), and upon information and belief allege as follows:

## INTRODUCTION AND PRELIMINARY STATEMENT

1. This action is brought against Defendant alleging it engaged in breach of contract, negligence, and various UCC violations due to their actions which resulted in temperature abused food and extensive losses to TASTY in or about April 2022.

2. Specifically, DEFENDANT failed to properly keep TASTY's property consisting of frozen and other foods such as cheese, sausage, biscuits, muffins, egg patties, and other items at the proper temperatures at its facility to ensure its viability, leading to its spoilation and inability to be used by PLAINTIFFS.

3. Despite due demand, and provision of proof of damages, DEFENDANT has failed to reimburse TASTY for the damages caused by DEFENDANT.

## PARTIES

4. TASTY is a New York Limited Liability Company with its principal place of business at 6800 Jericho Turnpike #100E, Syosset, New York 11791. TASTY is a supplier of grade K-12 school food, that meets USDA regulations for Breakfast, Lunch, Supper & Summer meals.

5. AVANTI is a manufacturer and distributor of a variety of food items. It is a Wisconsin Corporation with a principal place of business at 605 S 94th Street, Milwaukee, Wisconsin 53214.

## JURISDICTION AND VENUE

6. Jurisdiction is founded on 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.00 exclusive of costs.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§1391(a), (b)(1), (b)(2), (b)(3) and (c), (d) and 29 U.S.C. §1132(e)(2) because DEFENDANT is subject to personal jurisdiction in this judicial district, transact business in this judicial district and maintain contacts in this judicial district sufficient to subject them to personal jurisdiction.

8. Venue is also appropriate in this judicial district because DEFENDANT transacts substantial business in this judicial district and maintain contacts in this judicial district sufficient to subject them to personal jurisdiction. Therefore, this action is properly venued in the Eastern District of New York Pursuant to 28 U.S.C. § 1391(a)(3), (b) and § 1391(c).

## BACKGROUND AND FACTS

9. PLAINTIFF entered into a contract with DEFENDANT to store various food items. Although PLAINTIFF fulfilled all of its obligations under the contract or was excused from doing so due to DEFENDANT's breach, DEFENDANT's negligence and breach of contract caused the purchased food to be kept in improper temperatures, resulting in its spoiling, and being wasted and unfit for distribution to TASTY's customers. The improper temperatures also led to excessive moisture on the boxes, destroying the packaging.

10. Only after its negligence led to damages to TASTY did AVANTI install the proper coolers to get its storage facility ready and USDA certified.

11. DEFENDANT has admitted that they did not have the proper facilities and that they are responsible for the loss.

12. Proof of damages was provided to DEFENDANT, including raw materials, packing, storage, and disposal costs, as requested, by July 21, 2022, and in the subsequent months.

13. Despite this, DEFENDANT failed to reimburse PLAINTIFF for its losses totaling more than $260,000 and freight to get product to AVANTI in excess of $10,000. Total damages approach or exceed $300,000.

14. Although DEFENDANT repeatedly claimed it would pay once its insurance company reimbursed them for the loss, its liability is not dependent on reimbursement from their insurance company.

15. As such, this lawsuit follows.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

16. PLAINTIFF repeats and realleges every allegation above as if fully set forth herein.

17. PLAINTIFF and DEFENDANT entered into an agreement in which DEFENDANT agreed to store food items on behalf of PLAINTIFF at the proper temperatures in order for it to be later distributed to PLAINTIFF'S customers in a manner fit to be consumed.

18. PLAINTIFF fulfilled all of its terms under the agreement and/or was excused from doing so by DEFENDANT's breach.

19. DEFENDANT breached the agreement by failing to properly keep the food at the required temperatures, leading to the temperature abused food being ruined.

20. That breach is a proximate cause of the PLAINTIFF's damages.

21. PLAINTIFF is entitled to pre-judgment interest from DEFENDANT due to this breach commencing in APRIL 2022.

22. **WHEREFORE**, by reason of the foregoing, DEFENDANT is liable for compensatory damages, in an amount to be determined at trial, together with interest and costs.

## SECOND CAUSE OF ACTION: NEGLIGENCE

23. PLAINTIFF repeats and realleges every allegation above as if fully set forth herein.

24. DEFENDANT had a duty to Plaintiff based upon their business relationship to keep the food items in a proper temperature-controlled facility.

25. DEFENDANT breached that duty to PLAINTIFF leading to temperature abused food and the inability to sell and distribute that food.

26. That breach of duty by DEFENDANT was the proximate cause of PLAINTIFF's damages.

27. As a direct and/or indirect result of said conduct, PLAINTIFF has suffered the injuries and damages described herein.

28. **WHEREFORE**, by reason of the foregoing, DEFENDANT is liable to PLAINTIFF for compensatory damages in an amount to be determined at trial, together with interest and costs.

**THIRD CAUSE OF ACTION:**
**BREACH OF THE UNIFORM COMMERCIAL CODE**

29. PLAINTIFF repeats and re-allege each and every allegation in the above paragraphs as if set forth herein at length.

30. The parties are Merchants as defined by the Uniform Commercial Code ("UCC").

31. The parties (1) deal in goods of the type in question (food); (2) holds themselves out as having particular knowledge or skill with goods of this type; and/or (3) is using a broker, agent or intermediary who holds themselves out as having particular knowledge or skill in this type of goods.

32. The food at issue qualifies as "goods" under Article 2 of the UCC.

33. The parties engaged in an agreement for the proper storage of these goods at the right temperature, which constituted a contract under the UCC, and under which the parties intended to be bound and PLAINTIFF performed all of its obligations under the contract or was excused from doing so by DEFENDANT's breach.

34. Due to the spoilage from DEFENDANT's breach of contract, PLAINTIFF was entitled to reject the goods as defective.

35. **DEFENDANT** also expressly or impliedly warranted that the goods would be fit for a particular purpose and/or warranted merchantability, i.e., food that could be sold and delivered to customers that was fit to eat.

36. **DEFENDANT** breach its agreement as well as breached the express and/or implied warranties of merchantability and fitness for purpose.

37. **WHEREFORE,** by reason of the foregoing, DEFENDANT is liable for compensatory damages, in an amount to be determined at trial, together with interest and costs of at least $300,000.

**WHEREFORE**, Plaintiff prays that they may have a judgment, on behalf of themselves of at least $300,000, plus costs, interest from April 2022, and attorney's fees on each cause of action.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Garden City, New York
January 17, 2022

Respectfully Submitted,

SCHWARTZ, CONROY, & HACK, PC

*Evan S. Schwartz*
By:  Evan S. Schwartz, Esq.
*Attorneys for Plaintiff*
666 Old Country Road, 9th Floor
Garden City, New York 10036